**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: MEDICIS PHARMACEUTICAL CORPORATION SECURITIES LITIGATION | Case No. CV-08-1821-PHX-GMS<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS** |

The Court has received the Stipulation of Settlement, dated as of September 21, 2011 (the "Settlement Stipulation") (Doc. 137), that has been entered into by the Court-appointed Lead Plaintiff, Steven Rand, and Plaintiff Darlene Oliver (collectively, "Class Plaintiffs"), and Defendants Medicis Pharmaceutical Corporation ("Medicis" or the "Company"), Jonah Shacknai, Richard D. Peterson, Mark A. Prygocki (collectively, the "Medicis Defendants"), and Ernst & Young LLP ("EY") (collectively with the Medicis Defendants, "Defendants"), by and through their respective counsel of record in the Action. The Court has reviewed the Settlement Stipulation and its attached exhibits and, good cause appearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the parties,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.  The provisions of the Settlement Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

1

All capitalized terms used herein have the meanings set forth and defined in the Settlement Stipulation.

2.  The Court preliminarily approves as fair, reasonable and adequate, pending a final hearing (the "Settlement Hearing") on the proposed Settlement set forth in the Settlement Stipulation as provided herein: (a) the parties' Settlement, as embodied in the Settlement Stipulation and the exhibits attached thereto and (b) the proposed Plan of Allocation described in the Notice. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Class Plaintiffs or segments of the Class; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.  The Court, for purposes of effectuating the proposed Settlement, hereby preliminarily certifies the Class as defined in the Settlement Stipulation and consisting of all persons or entities that purchased or otherwise acquired Medicis common stock, or that purchased and/or sold options on Medicis common stock, from October 30, 2003 to September 23, 2008, both dates inclusive. Excluded from the Class are Defendants, all current and former directors and officers of Medicis during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

4. Solely for purposes of this Settlement, the Court preliminarily finds that each element for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met: (i) members of the Class are so numerous as to make joinder impracticable; (ii) the claims of the Class Plaintiffs are typical of the claims of the Class they seek to represent; (iii) the interests of the members of the Class will be, and have been, fairly and adequately represented by the Class Plaintiffs and Lead Counsel in this Action; (iv) a class action is superior to other available methods for the fair and efficient adjudication of this litigation; (v) common questions of law and fact exist as to all members of the Class; and (vi) such common questions predominate over any questions solely affecting individual members of the Class.

5. The Court approves, as to form and content, and for distribution to Class members, the proposed form of Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing submitted by the parties as Exhibit A-l to the Stipulation ("Notice"), and the Proof of Claim and Release submitted by the parties as Exhibit A-2 to the Stipulation ("Proof of Claim").  The Court directs that Lead Counsel mail, or cause to be mailed, such Notice and Proof of Claim to all members of the Class who can be identified through reasonable effort.  The mailing is to be made by first-class United States mail, postage prepaid, at least 60 days prior to the date of the Settlement Hearing, but in no event no later than **December 14, 2011**.  Within five (5) business days from the date of entry of this order, Medicis shall direct its transfer agent(s) to provide to the Claims Administrator a list containing the identity of all record holders of Medicis common stock who purchased their common stock during the Class Period.

6. Banks, brokerage firms, institutions, and other Persons who are nominees who purchased or otherwise acquired Medicis common stock or options for the beneficial interest of other Persons during the Class Period are directed to: (a) send the Notice and the Proof of Claim form to all beneficial owners of Medicis common stock or options purchased or otherwise acquired during the Class Period, within ten (10) days after receipt

of the Notice; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after receipt of the Notice.

7. The Court hereby approves, as to form and content, the proposed form of Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing submitted by the parties as Exhibit A-3 to the Stipulation ("Publication Notice"), and directs that Lead Counsel shall cause such Publication Notice to be published on a national business Internet newswire no more than 10 days after the mailing of the Notice and at least 50 days prior to the Settlement Hearing.

8. The Court finds that the procedures established for publication, mailing and distribution of the Notices and Proof of Claim substantially in the manner and form set forth in paragraphs 5 and 7 of this Order: (a) constitute the best notice to Class members practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Stipulation and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice, and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.

9. Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement or any of the terms in the Settlement Stipulation, to the Plan of Allocation, or to the application of Lead Counsel for an award of attorneys' fees, costs, and expenses, including an award of reasonable costs and expenses to the Class Plaintiffs ("Fee and Expense Award Application"), must both effect service on Class Plaintiffs' Counsel and Defendants' Counsel and file with the Court by **February 2, 2012** a statement of his, her or its objection(s); *provided however*, that a potential Class Member who submits a Request for Exclusion, as defined below, from the Class shall not be able to submit an

objection. If a Class Member timely and properly serves and files written objections, as set forth in this paragraph, Lead Counsel and Defendants' Counsel may, as they deem appropriate, submit papers in support of the Settlement Stipulation and its terms, the Plan of Allocation, or the Fee and Expense Award Application no later than ten (10) days before the Settlement Hearing.

10. The statement of objection of the Class Member shall state (i) whether the Class Member is a Class Member, (ii) which part of the Settlement Stipulation the Class Member objects to and (iii) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. Such Class Member shall also provide documentation sufficient to establish the amount of publicly traded Medicis securities and/or the number of Medicis stock options purchased and sold during the Class Period, and the prices and dates of each transaction. Failure to provide such information and documentation shall be grounds to void the objection. Objection materials must be sent to the following:

> Clerk
> United States District Court
> Sandra Day O'Connor U.S. Courthouse
> Suite 622
> 401 West Washington Street
> SPC 80
> Phoenix, Arizona 85003
>
> Jeremy A. Lieberman
> Pomerantz Haudek Grossman & Gross LLP
> 100 Park Avenue
> New York, NY 10017
> *Lead Counsel*
>
> Lloyd Winawer
> Goodwin Procter LLP
> 135 Commonwealth Drive
> Menlo Park, CA 94025
>
> *Counsel for Defendants Medicis Pharmaceutical Corporation,*
> *Jonah Shacknai, Richard D. Peterson, and Mark A. Prygocki*

Robert B. Hubbell
Morrison Foerster LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024

*Counsel for Defendant Ernst & Young LLP*

11. Any Class Member who fails to comply with any of these provisions regarding objections shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Settlement Hearing and/or to object to the Settlement Stipulation, and shall be bound by all the terms of the Settlement Stipulation, and by all proceedings, orders and judgments in the Action.

12. Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth herein and is postmarked no later than **February 2, 2012**. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and receive payments pursuant to the Settlement Stipulation provided the Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

13. Any Request for Exclusion must refer to the action *In re: Medicis Pharmaceutical Corporation Securities Litigation*, No. CV-08-01821-PHX-GMS; a statement that the Class Member wishes to be excluded from the Class; and must include: (1) the name, address, and telephone number of the person or entity seeking exclusion; (2) a list of all transactions involving Medicis common stock and/or options on Medicis common stock from October 30, 2003 through September 23, 2008, both dates inclusive,

including the number of shares, principal amount and trade date of each purchase and sale. Such requests for exclusion must be mailed to:

> In re: Medicis Pharmaceutical Corporation Securities Litigation
> c/o The Garden City Group, Inc
> 1985 Marcus Ave.
> Lake Success, NY 11042

14.   Any Class Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by any determination, order or judgment entered in the Action in connection with the Settlement, whether favorable or unfavorable, even if such Class Member does not submit a timely Proof of Claim.

15.   A Settlement Hearing will be held by this Court in the courtroom of the Honorable G. Murray Snow, United States District Court, Sandra Day O'Connor U.S. Courthouse, Courtroom 602, 401 West Washington Street, Phoenix, Arizona 85003 on **February 23, 2012 at 9:00 a.m.**, for the purpose of determining, among other things: (a) whether the proposed Settlement should be approved as fair, reasonable and adequate; (b) whether the proposed Plan of Allocation is fair and reasonable, and should be approved; (c) whether the proposed Judgment and Order of Dismissal with Prejudice substantially in the form of Exhibit B to the Settlement Stipulation should be entered in this Action; (d) whether the Class should be certified; and (e) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved. The Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

16.   Prior to the Settlement Hearing, Lead Counsel shall cause an affidavit or declaration to be filed with the Court certifying that the Notice has been provided and the Summary Notice has been published as directed in Paragraphs 5, 6, and 7 of this Order.

17.   In order to share in any proceeds resulting from the Settlement of this Action, each Class Member claiming to be an Authorized Claimant must submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 to the Stipulation, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof as are reasonably

available to the Authorized Claimant, as Lead Counsel, in their discretion, may deem acceptable, no later than five (5) days prior to the Settlement Hearing. Late claims shall be denied as untimely except as the Court may otherwise order.

18. All Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Settlement Stipulation, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation, the releases contained herein, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Released Defendants' Claims and Released Plaintiffs' Claims.

19. Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its choice. If any Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

20. Subject to the terms of the Settlement Stipulation, the Claims Administrator may use up to $300,000.00 (Three Hundred Thousand Dollars) of the Gross Settlement Fund to pay costs and expenses reasonably and actually incurred in connection with the administration of the Settlement, including without limitation the cost of identifying and locating members of the Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national business publications and newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners); soliciting Class claims; assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any; and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. In the event final approval is not

1  attained or granted for any reason, any and all funds so expended shall not be owed to or recoverable by the Defendants.

21. All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court.  Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, no member of the Class, either directly, representatively, or in any other capacity, shall institute, commence or prosecute against the Defendants any of the claims covered by the Settlement Stipulation in any action or proceeding in any court or tribunal.

22. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Stipulation and/or further order(s) of the Court.

23. All papers in support of the proposed Settlement, including Lead Counsel's Fee and Expense Award Application, shall be filed and served on **January 19, 2012**.

24. Neither the Settlement Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Plaintiffs; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Plaintiffs in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) is or may be construed as or received as evidence as an admission, concession or presumption against Class Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses by the Defendants have merit, or that damages recoverable in this litigation would not have exceeded the Gross Settlement Fund.  The Class Plaintiffs and Released Parties may file the Settlement Stipulation and/or the Judgment of this Action in any other action

that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Defendants have denied and continue to deny each and every claim alleged against them in the Action and any wrongdoing whatsoever and the Settlement Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim of any fault, liability, wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

25.     The Court reserves the right to adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

Dated this 2nd day of November, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge