IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: MEDICIS PHARMACEUTICAL CORPORATION SECURITIES LITIGATION | No. CV-08-1821-PHX-GMS<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for a hearing pursuant to the Order of this Court entered on November 3, 2011 (the "Settlement Hearing"), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement (the "Settlement Stipulation"), executed as of September 21, 2011 and filed with the Court on that date (Doc. 137).

The Court has received affidavit(s) and/or declaration(s) attesting to the mailing of the Notice and publication of the Publication Notice in accordance with the Preliminary Approval Order. Due to adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, including the Motion in Support of Final Approval of Proposed Settlement and Plan of Allocation and Memorandum of Points and Authorities in Support Thereof (Doc. 142); and Motion for Award of Attorneys' Fees, Expenses and Class Plaintiff Compensatory Awards (Doc. 150) .and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The provisions of the Settlement Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Settlement Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

3. This Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all implemented in accordance with the terms of the Settlement Stipulation and the Court's Preliminary Approval Order:

   (a) constituted the best practicable notice to Class Members under the circumstances of the Action;

   (b) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of the Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

   (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

   (d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

4. The Settlement set forth in the Settlement Stipulation is fair, reasonable and adequate, and it shall be consummated in accordance with the terms and provisions of the Settlement Stipulation.

5. The Action and all Released Plaintiffs' Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation or this Judgment.

6. In accordance with Paragraph 1(t) of the Settlement Stipulation, for purposes of this Judgment, the term "Defendants' Released Parties" means: (i) each and every past and current Defendant, whether or not identified in any complaint filed in the Action, and any Person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (ii) with respect to each of the Persons in subsection (i), their past or present directors, officers, employees, partners, members, affiliates, predecessors, successors, parents, subsidiaries, divisions, joint ventures, partners, principals, agents, attorneys, auditors, accountants, trustees, advisors, consultants, underwriters, investment bankers, insurers, reinsurers, assigns, spouses, heirs, executors, personal representatives, associates, related or affiliated entities, any members of their Immediate Families, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries, and anyone acting or purporting to act for or on behalf of any of them or their successors.

7. In accordance with Paragraph 1(ww) of the Settlement Stipulation, for purposes of this Judgment, "Released Plaintiffs' Claims" means any and all claims (including "Unknown Claims" as defined herein, debts, rights, demands, disputes, suits, matters, damages, issues, liabilities, or causes of action of any kind, nature, and character whatsoever (including but not limited to any claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory, common or foreign law, or

any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature (collectively, "Claims"), including both known Claims and Unknown Claims, (i) that were asserted or could have been asserted against any of the Defendants' Released Parties or in the Action, (ii) that would have been barred by *res judicata* had the Action been fully litigated to a final judgment, or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any Class Member against any of the Defendants' Released Parties (a) that concern, arise out of, refer to, are based upon, or are in related in any way to, the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the Complaint; and (b) that relate to the purchase, sale, acquisition or holding of Medicis common stock or options; provided, however, that the term "Released Plaintiffs' Claims" shall not include the following:  (1) claims to enforce the Settlement; and (2) claims alleged in the Derivative Actions.

8.   In accordance with Paragraph 1(n) of the Settlement Stipulation, for purposes of this Judgment, "Class Plaintiffs' Released Parties" shall mean Steve Rand and Darlene Oliver, and/or their respective families, associates, affiliates, and each and all of their respective past, present employees, attorneys, accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Class Plaintiffs have a controlling interest or which is related to or affiliated with Class Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Action.

9.   In accordance with Paragraph 1(vv) of the Settlement Stipulation, for purposes of this Judgment, "Released Defendants' Claims" means all claims, demands,

- 4 -

rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Class Plaintiffs, Lead Counsel and their Released Parties, arising out of the instituting, prosecution, settlement or resolution of the Action, provided however, that Defendants and Defendants' Released Parties shall retain the right to enforce in the Court the terms of the Settlement Stipulation.

10. In accordance with Paragraph 1(fff) of the Settlement Stipulation, for purposes of this Judgment, "Unknown Claims" means any and all Released Plaintiffs' Claims of every nature and description that Class Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Plaintiffs' Claims, upon the Effective Date, Class Plaintiffs shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Plaintiffs shall expressly and each Class Members shall be deemed to have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any U.S. federal or state law or principle of common law or

otherwise that is similar, comparable or equivalent to California Civil Code §1542. Class Plaintiffs and other Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Class Plaintiffs and the Class Members, upon the Effective Date, by operation of the Judgment shall have expressly, fully, finally and forever settled and released, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Class Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

11. Class Plaintiffs and every Class Member, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, and Class Plaintiffs' Released Parties shall be deemed to have, and by operation of this Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Defendants, and each of them, and any and all of the Defendants' Released Parties, and shall be forever barred and enjoined from instituting, prosecuting, participating, continuing, maintaining or asserting any Released Plaintiffs' Claim, or assisting any Person in instituting, prosecuting, participating, continuing, maintaining or asserting any Released Plaintiffs' Claim, against any of the Defendants' Released Parties, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any other Person, and regardless of whether or not such Class Member

executes and delivers the Proof of Claim.  By entering into this Settlement Stipulation, Class Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Plaintiffs' Claims, or any of them, to any other Person.

12.   Defendants, and each of them, on behalf of themselves and Defendants' Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Defendants' Claims against Class Plaintiffs and any and all of the Class Plaintiffs' Released Parties including, but not limited to, Class Plaintiffs' Counsel.  By entering into this Settlement Agreement, the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Defendants' Claims, or any of them, to any other Person.

13.   The Class Plaintiffs shall not encourage or solicit any Person in regard to, or in connection with the making of any demand, the assertion of any liability, or the prosecution or commencement of any lawsuit or other judicial or administrative proceedings against any of the Released Parties relating to the Released Plaintiffs' Claims and Released Defendants' Claims.

14.   This action is certified as a class action under Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement solely.  The Class consists of all persons or entities that purchased or otherwise acquired Medicis common stock, or that purchased and/or sold options on Medicis common stock, from October 30, 2003 to September 23, 2008, both dates inclusive.  Excluded from the Class are Defendants, all current and former directors and officers of Medicis during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

15.   The Class Plaintiffs and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Settlement Stipulation.

All persons and/or entities whose names appear on Exhibit A hereto are hereby excluded from the Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and entities may not pursue any Released Plaintiffs' Claims on behalf of those who are bound by this Judgment.

16. The Plan of Allocation, as described in the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, is hereby approved as fair, reasonable and adequate. Any order or proceedings relating to the Plan of Allocation or amendments thereto shall not operate to terminate or cancel the Settlement Stipulation or affect the finality of this Judgment approving the Settlement Stipulation.

17. Neither the Settlement Stipulation nor the terms of the Settlement Stipulation shall be offered or received into any action or proceeding for any purposes, except (a) in an action or proceeding arising under the Settlement Stipulation or arising out of this Judgment, (b) in any action or proceeding where the releases provided pursuant to the Settlement Stipulation may serve as a bar to recovery, or (c) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

18. This Judgment, the Settlement Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement Stipulation and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Stipulation:

    (a) shall not be offered or received against any of the Defendants or Defendants' Released Parties, or each or any of them, as evidence of a presumption, admission, or concession of any kind;

    (b) shall not be offered or received against any of the Defendants or

Defendants' Released Parties, or each or any of them, as an admission, with respect to the truth of any fact alleged in the Complaint or the validity of any Released Plaintiffs' Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants.

(c) shall not be offered or received against any of the Defendants or Defendants' Released Parties, or each or any of them, as a concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant and the Defendants' Released Parties, or any of them;

(d) shall not be offered or received against Class Plaintiffs, the Class, Class Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(e) shall not be offered or received against Class Plaintiffs, the Class, and Class Plaintiffs' Released Parties, or each or any of them, or against Defendants, Defendants' Released Parties, or each or any of them, as evidence of any liability, negligence, fault or wrongdoing as against any Parties to the Settlement Stipulation, in any other civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the Settlement, this Settlement Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Stipulation and/or Settlement may be used in any proceedings as may be necessary to effectuate and enforce the provisions of this Settlement Stipulation.  Moreover, if this Settlement Stipulation is approved by the Court, any Party, Defendants' Released Parties, or Class

Plaintiffs' Released Parties may file this Settlement Stipulation and/or Judgment or refer to this Settlement Stipulation and/or Judgment to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise effectuate the release of any and all released claims and other liability protections granted hereunder;

(f) shall not be construed against Class Plaintiffs, the Class, and Class Plaintiffs' Released Parties, or each or any of them, or against Defendants, Defendants' Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial;

(g) shall not be construed as or received in evidence as an admission or concession, or presumption against Class Plaintiffs, the Class, and Class Plaintiff's Released Parties, or each and any of them, or against Defendants, Defendants' Released Parties, or each or any of them, that any of their claims or defenses are with or without merit or that damages recoverable under the Complaint would have exceeded or would have been less than the Settlement Fund; and

(h) shall not, in the event of Termination, be used by any Party for any purpose in any trial in this Action.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all

Parties for the purpose of construing, enforcing and administering the Settlement.

20. Any Plan of Allocation of the Net Settlement Fund submitted by Lead Counsel or any order regarding the Fee and Expense Award, or any appeal, modification or change thereof, shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21. This Court finds that Lead Plaintiff Rand, Plaintiff Oliver, and Lead Counsel adequately represented the Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

22. This Court finds that during the course of this Action, all Parties, Lead Counsel and the Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

23. The Court hereby bars all future claims for contribution arising out of the Action (i) by any person (as that term is defined in 15 U.S.C. § 78c(a)(9)) against the settling covered person (as such term is defined in 15 U.S.C. § 78u-4(f)(10)(C)); and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

24. Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

25. This Judgment shall not be considered or used as a presumption, concession or admission by or against Defendants of any fault, wrongdoing, breach or liability.

26. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Stipulation are done

in accordance with the terms of Paragraphs 63, 65, 72 and 79 of the Settlement Stipulation, are not materially inconsistent with this Judgment and do not materially limit the rights of the Class Members under the Settlement Stipulation.

27. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Stipulation or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Stipulation.

28. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

29. No Person shall have any claim against Class Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No Person shall have any claim under any circumstances against the Defendants' Released Parties, based on any distributions, determinations, claim rejections or the design, terms or implementation of the Plan of Allocation.

30. Lead Counsel are awarded attorneys' fees in the amount of **$4,500,000.00** and reimbursement of expenses, including experts' fees and expenses, in the amount of **$580,877.52**, such amounts to be paid from out of the Gross Settlement Fund. Lead Plaintiff Steven Rand is awarded the sum of **$20,000.00** and Class Representative Plaintiff Darlene Oliver is awarded the sum of **$15,000.00**, as reasonable costs and

expenses directly relating to the representation of the Class as provided in 15 U.S.C. §78u-4(a)(4), such amounts to be paid from the Gross Settlement Fund.

31. The attorneys' fees and expenses awarded herein shall be payable from the Gross Settlement Fund ten (10) business days after entry of this Judgment.

32. The Court hereby retains and reserves jurisdiction over implementation of this Settlement and any distribution to Authorized Claimants under the terms and conditions of the Settlement Stipulation and pursuant to further orders of this Court.

Dated this 27th day of February, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge